# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
DANIEL A. PEÑA
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

Application granted.

SO ORDERED.

_____

Hon. Ronnie Abrams
December 17, 2025.

December 16, 2025

*Via ECF*

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

> Re:     *Tizes v. Andela, Inc.*, 25-cv-08481

Your Honor:

This firm represents Plaintiff Dr. Bruce Tizes in the above-captioned case. We write pursuant to the Court's December 9, 2025 Order, Dkt. 24, to propose redactions to Defendant's letter motion (at Dkt. 21), that are narrowly tailored to protect any confidential settlement information.

On December 4, 2025, Defendant Andela, Inc. filed a motion to stay discovery and adjourn the initial conference in this matter. Dkt. 21. On December 8, Plaintiff filed a response consenting to the relief sought in the motion, but alerting the Court to confidential settlement communications referred to in the motion and asking that the motion be removed from the docket. Dkt. 23. On December 9, this Court granted Defendant's motion on consent and ordered that the parties "jointly propose redactions to Defendant's letter motion that are narrowly tailored to protect any confidential settlement information." Dkt. 24.

This Court's December 9 Order, Dkt. 24, is consistent with Second Circuit law that sealing confidential settlement information is appropriate. When evaluating motions to seal, courts (1) "must determine whether the documents at issue are 'judicial documents'"; (2) "must assess the weight of the common law presumption of access that attaches to those documents";

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

and (3) "must balance competing considerations against the presumption of access." *Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*, No. 24-CV-5168 (RA), 2024 WL 4604618, at *1 (S.D.N.Y. Oct. 28, 2024) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). All three factors weigh in favor of the narrow redactions the parties jointly propose.

The first *Lugosch* factor weighs in favor of applying these limited redactions. "[J]udicial documents" are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 115. The confidential settlement communications are not relevant to the performance of the Court's judicial function in deciding Defendant's motion to stay discovery and adjourn the initial conference (which the Court has already granted on consent). *See Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, No. 21-CV-10969 (AT) (JW), 2023 WL 8720150, at *4 (S.D.N.Y. Dec. 18, 2023) (explaining that "settlement documents" were not "relevant to a determination about the underlying motion for P.O. and Cross-Motion to Compel" and therefore not "judicial documents"). Defendant's reference to the confidential settlement communications was gratuitous and unnecessary to the resolution of the narrow issues in the motion.

The second *Lugosch* factor also weighs in favor of applying these limited redactions. "The Second Circuit has held that there exists no established presumption of access to confidential settlement discussions and documents." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2012 WL 13029602, at *6 (D. Conn. May 10, 2012) (citations omitted). "[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) ("[A]ccess to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts."). Since there is no presumption of access to these confidential settlement communications, this second factor also supports redacting this information.

Finally, the third *Lugosch* factor also weighs in favor of limited redactions. The proposed redactions are narrowly tailored to protect the confidential settlement communications that Defendant improperly placed on the docket, and redact no more than necessary. Here, there is "no established presumption of access" for these communications. *Travelers*, 2012 WL 13029602, at *6. On the other hand, there is a real concern that "settlement negotiations . . . would be chilled to the point of ineffectiveness" if confidential communications were made public. *Glens Falls* at 857–58. The redactions are minimal and leave the substance of Defendant's motion untouched. These limited redactions are therefore appropriate.

District courts in this Circuit, in applying the above principles, regularly seal confidential settlement communications that were improperly placed on the docket and have no relevance to the underlying motion, as here. *See Energy Transp. Grp.*, 2023 WL 8720150, at *4 (sealing settlement documents where the "Court [was] not considering the documents and believes that confidential settlement communications may be implicated"); *Richmond v. Montefiore Med. Ctr.*, No. 21 CIV. 8700 (PGG), 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (sealing confidential settlement communications) (collecting cases); *Heilbut v. Cassava Scis., Inc.*, No. 24-CV-5948 (JLR) (OTW), 2025 WL 1653839, at *1 (S.D.N.Y. June 10, 2025) (same); *Perez v. Beres Bar & Pub, Inc.*, No. 16-CV-1729 (ILG), 2016 WL 8711057, at *3

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
Page 3

(E.D.N.Y. Nov. 4, 2016) ("Regrettably, defendant improperly disclosed information concerning the parties' confidential settlement communications in his response to plaintiff's motion to compel. Accordingly, the Court will seal defendant's response . . . the public disclosure of confidential settlement communications was improper . . . .").

After conferring, Defendant Andela has agreed to join in the proposed redactions because the motion to stay has been granted and the material is no longer relevant to the determination of that motion. Andela otherwise disagrees with Plaintiff's analysis and reserves all rights as it relates to the admissibility or confidentiality of this information. Plaintiff is contemporaneously filing an unredacted version under seal, with redacted portions highlighted, per the Court's Individual Rule 5(A)(iii).

Respectfully Submitted,

*/s/ Ilann M. Maazel*
Ilann M. Maazel
Laura S. Kokotailo

c.    All counsel of record, via ECF

# EXHIBIT 1

# Katten

50 Rockefeller Plaza
New York, NY 10020-1605
+1.212.940.8800 tel
katten.com

JONATHAN ROTENBERG
jonathan.rotenberg@katten.com
+1.212.940.6405 direct

December 4, 2025

**VIA ECF**

The Honorable Ronnie Abrams
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Bruce Tizes v. Andela, Inc.*, No. 1:25-cv-08481 (RA)

Dear Judge Abrams,

This firm represents Defendant Andela, Inc. ("Andela") in the above-captioned action. We write to respectfully request that the Court: (1) stay discovery until the Court has decided Andela's motion to dismiss (the "Motion to Dismiss," Dkts. 15-19) Plaintiff's Complaint, filed on November 26, 2025; and (2) adjourn the initial status conference, scheduled for December 19, 2025. The Motion to Dismiss, which will be fully briefed by February 2026, seeks dismissal of Plaintiff's claims under the Dodd-Frank Act and the New York Labor Law ("NYLL"), each premised on a legally untenable, implausible, and demonstrably untrue theory that Andela terminated Plaintiff's employment in retaliation for his supposed complaints about securities law violations. As set forth below, given the prospect that the Motion to Dismiss will dispose of this entire case, good cause exists to impose a temporary stay of discovery to avoid needlessly burdening the parties with potentially expansive discovery that may ultimately be rendered moot.

"Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Wellington v. City of New York*, 2025 WL 2720818, at \*1 (S.D.N.Y. Sept. 24, 2025) (citation omitted). In assessing whether to do so pending the resolution of a motion to dismiss, courts consider "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Gastineau v. ESPN Inc.*, 2025 WL 2733155, at \*1 (S.D.N.Y. Sept. 24, 2025) (citation omitted). Each of these factors strongly supports staying discovery until the Court has decided the Motion to Dismiss.

*First*, the Motion to Dismiss makes numerous strong arguments for dismissing the Complaint in its entirety. In assessing this factor, the Court need not "predict[] the outcome of the motion," but must determine only whether it raises substantial arguments for dismissal that are "not unfounded in the law." *Wellington*, 2025 WL 2720818, at \*2; *see Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at \*2 (S.D.N.Y. May 10, 2021) ("While not addressing the merits of [the] motion to dismiss, … [the] motion to dismiss cuts in favor of a stay because it 'is potentially dispositive, and appears to be not unfounded in the law'" (citation omitted)); *Borjas v. NYC Dep't of Educ.*, 2025 WL 3227476, at \*1 (S.D.N.Y. Nov. 19, 2025) (court "will not attempt

KATTEN MUCHIN ROSENMAN LLP
CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES    NEW YORK
ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

# Katten

Hon. Ronnie Abrams
December 4, 2025
Page 2

to predict its outcome, [but] observes that Defendants' motion makes substantial arguments that the Plaintiff has not pleaded all the required elements of her claims").

That is plainly the case here. The Motion to Dismiss demonstrates, with the support of significant statutory and case law, that Plaintiff fails to plead a single element of his Dodd-Frank and NYLL claims – specifically, that (i) he ever reported, to the SEC or internally, an issue that he reasonably believed was violative of the securities laws; or (ii) any such reporting caused his termination. (*See* Dkt. 17 at 13-27.) Both claims are inadequately pled, and even if the Court were to rule that Plaintiff's Dodd-Frank claim alone is deficient,[1] Plaintiff's NYLL claim would still be subject to dismissal because the Court would lack subject-matter jurisdiction over it. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (courts "ordinarily should[] kick the case to state court" upon "dismiss[ing] all claims over which it has original jurisdiction" (citing 28 U.S.C. § 1367(c)(3))). As such, the Motion to Dismiss asserts substantial arguments "not unfounded in the law" that may result in the disposal of this entire case, thus supporting a stay here. *See Goris v. Deloitte*, 2025 WL 1636079, at *1 (S.D.N.Y. June 9, 2025) ("Without purporting to pass on the merits of the forthcoming motion to dismiss, Defendant will challenge whether [the] Complaint states a claim for discrimination and disposition of that question in the first instance would avoid any prejudice from subjecting Defendant to discovery in the interim.").

***Second***, while the parties have not yet exchanged discovery demands, Plaintiff is likely to pursue expansive discovery from Andela. Plaintiff's 262-paragraph Complaint covers his two-year period of employment with Andela and a host of complex transaction and accounting issues that he claims constituted securities law violations. *See McNulty v. EZE Castle Integ., Inc.*, 2025 WL 1616991, at *1 (S.D.N.Y. June 6, 2025) (although "parties have not yet exchanged discovery requests," factor supports stay because "complaint covers the terms of Plaintiff's employment, the parties' agreement(s) about those terms, Plaintiff's job performance, and Defendant's financial performance," such that discovery "is likely to be somewhat broad"). Moreover, the Complaint identifies over 20 current and former Andela employees, officers, and directors, as well as third parties, whose documents and testimony are likely to be sought by Plaintiff. (*See* Compl. ¶¶ 28, 51, 118, 120, 122-23, 132, 134, 137, 140, 146, 148, 156, 195-96, 220, 223, 226.) Thus, the potential scope of discovery is broad. Defendant fully expects Plaintiff – who alleges that he is owed "tens of millions of dollars" in damages (*id.* ¶ 236) ███████████████ ██████████████████████████████[2] – to engage in scorched-earth discovery tactics, with

---

[1] Plaintiff's Dodd-Frank claim, which legally can be premised solely on his alleged SEC complaint and not on internal reporting, is particularly deficient because he nowhere alleges that the Andela director supposedly responsible for his termination was ever made aware of that complaint. (Dkt. 17 at 14-15, 25.)

[2] The Court may consider ███████████████████ because it is not being offered here "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction" – *i.e.*, the only "prohibited uses" enumerated under FRE 408. *See Acco, Ltd. v. Rich Kids Jean Corp.*, 2016 WL 3144053, at *3 (S.D.N.Y. Apr. 11, 2016) (settlement offer may be introduced "for another purpose" not prohibited by FRE 408).

# Katten

the aim of coercing Andela into a settlement.  Therefore, the breadth of discovery and the burden on Andela in responding to it also strongly supports a stay.  *See Borjas*, 2025 WL 3227476, at \*2 (while "discovery sought is limited, Defendants have still met their burden to show that they would suffer undue expense if discovery were to continue, and the case were to be dismissed because of the opportunity cost of responding to even a limited discovery request needlessly").

*Third*, there is no risk of unfair prejudice to Plaintiff posed by a stay.  Plaintiff's conduct demonstrates as much, as he waited more than two years after he was allegedly terminated by Andela to file this lawsuit.  (*See* Compl. ¶ 203); *O'Reilly v. Inc. Vill. of Rockville Ctr.*, 2024 WL 2054868, at \*7 (E.D.N.Y. May 8, 2024) (no prejudice where "any delays … resulted from Plaintiffs' own decision to wait years to commence this action").  Moreover, this case was filed less than two months ago.  *See Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at \*2 (S.D.N.Y. Oct. 17, 2023) (no prejudice where "this case is not even a year old").  And, the Motion to Dismiss will be fully briefed on February 12, 2026 – *i.e.*, in roughly two months (Dkt. 13) – such that the requested stay will necessarily be temporary and short.  *See HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at \*1 (S.D.N.Y. Feb. 20, 2020) (no prejudice where "the motions to dismiss already have been filed and, thus, any stay would last briefly" (citation and quotation marks omitted)).  To the extent Plaintiff argues that he will suffer prejudice due to the time needed to resolve the Motion to Dismiss, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.  Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *Broccoli v. Ashworth*, 2023 WL 6795253, at \*2 (S.D.N.Y. Oct. 11, 2023) (citation omitted).  Thus, this factor also supports a stay.  In sum, all of the relevant factors weigh heavily in favor of staying discovery pending the Court's resolution of the Motion to Dismiss.[3]

In conclusion, this Court should: (1) stay discovery until it has decided the Motion to Dismiss; and (2) adjourn the December 19 initial status conference and associated deadlines while this motion to stay is pending.  This is the first request of its kind, and Plaintiff has not consented to the requested relief.  We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jonathan Rotenberg*

Jonathan Rotenberg

---

[3] Given that an order staying discovery would moot any case management plan and schedule that would be entered at the upcoming December 19 initial pretrial conference, the Court should adjourn that conference – and the associated deadlines for the parties' preceding submission of a joint letter and proposed case management plan (Dkt. 6) – pending a decision on this motion to stay.  *See SEC v. Charlie Javice*, No. 23-cv-02795, Dkt. 21 (May 25, 2023) (adjourning initial pretrial conference pending motion to stay discovery).